UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESS RILEY OSBORNE,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. JOHN SMITH, PA-C JAMES DUNCAN, RN-2 POLLY JOSIFEK, ARNP JILL HARPER, RN-2 DEBORAH POMRANING, and RN CHRIS FICKEL,<br><br>    Defendants. | 4:19-cv-05054-SMJ<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Jess Riley Osborne is a prisoner at the Washington State Penitentiary. Defendants have not been served. By separate order, the Court advised him of the deficiencies of his complaint and directed to him to amend or voluntarily dismiss it within sixty days. Before the Court, without oral argument, are Plaintiff's *pro se* Motion for Appointment of Counsel, ECF No. 7, and Motion for Preliminary Injunction, ECF No. 9. Having reviewed the file in this matter, the Court is fully informed and denies both motions.

**APPOINTMENT OF COUNSEL**

Generally, a person has no right to counsel in civil actions. However, the

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR PRELIMINARY INJUNCTION - 1

court has discretion to designate counsel pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

At this time, the record does not reflect exceptional circumstances. Plaintiff's situation is not unlike that of other incarcerated individuals, and he has been directed to amend or voluntarily dismiss his deficient complaint. Thus, the motion is denied.

## MOTION FOR PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *Am. Trucking Ass'n v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

The motion, however, is premature because the Court has not yet determined that Plaintiff has filed a legally sufficient complaint, nor have Defendants been

served. At this time, he is unable to show that he is likely to succeed on the merits. Thus, the motion is denied with leave to renew.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel, **ECF No. 7**, is **DENIED**.

2. Plaintiff's Motion for Preliminary Injunction, **ECF No. 9**, is **DENIED with leave to renew**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to Plaintiff.

**DATED** this 21st day of June 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge