FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 28, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESS R. OSBORNE #775970,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SMITH, Medical Director for Washington State Penitentiary and JAMES DUNCAN, PA-C,<br><br>Defendants. | No.   4:19-cv-05054-SMJ<br><br>**ORDER DISMISSING ACTION** |

Plaintiff Jess Osborne is proceeding *pro se* and in forma pauperis. Since May of 2021, mail sent to Plaintiff at his address on file with the Clerk's Office has been returned as undeliverable. Though notified of his responsibility to keep the Court apprised of his current mailing address, Plaintiff has failed to provide the Clerk of Court with an updated address despite a Court Order sent to his presumably current mailing address. The Court thus dismisses this action without prejudice for failing to comply with LCivR 41(b)(2).

## BACKGROUND

Plaintiff filed this instant 42 U.S.C. § 1983 claim against several Washington State Department of Corrections medical providers on April 9, 2019. ECF No. 1. Plaintiff, proceeding *pro se* and *in forma pauperis*, was a prisoner at the Washington

ORDER DISMISSING ACTION – 1

State Penitentiary at the time he filed his complaint. The Court twice directed Plaintiff to amend his complaint, which he did. *See* ECF Nos. 17, 27. Plaintiff's Second Amended Complaint, the operative complaint, asserts a claim for deliberate indifference to his medical needs. ECF No. 27. On August 7, 2020, the Court directed service of Plaintiff's Second Amended Complaint on Defendants Dr. John Smith and PA-C James Duncan. ECF No. 28.

On September 30, 2020, Plaintiff filed a notice with the Court indicating that he was no longer incarcerated and provided the Court with an updated address in Tacoma, Washington. ECF No. 36. The Court held a scheduling conference on March 18, 2021, which Plaintiff attended. ECF No. 42. One week later, on March 25, 2021, the Court issued a Scheduling Order setting forth the trial and date and corresponding case management deadlines in this matter. ECF No. 43. As is customary, the Clerk's Office mailed the Order to Plaintiff via United States Postal Service ("USPS") mail, as Plaintiff was not registered as an authorized CM/ECF system user. On May 11, 2021, the Clerk's Office entered a notice that the mail was returned as undeliverable, with a handwritten note on the outer envelope stating: "Doesn't live at this address." ECF No. 44.

On December 23, 2021, Defendants filed a Motion for Summary Judgment, ECF No. 47, seeking summary dismissal of Plaintiff's claim for deliberate indifference to his medical needs. To date, Plaintiff has not responded to the motion.

ORDER DISMISSING ACTION – 2

Then, on January 5, 2022, the parties filed a Stipulated Motion to Extend Deadlines and Trial Date, ECF No. 53. The motion was signed by Plaintiff. Listed under Plaintiff's signature is an address in Federal Way, Washington—which is presumably Plaintiff's current address.[1] *Id.* The Court granted the parties' motion on January 14, 2022, and the Order was sent to Plaintiff via USPS mail at the address in Tacoma, Washington—the address still on file for Plaintiff.

Several days later, on January 18, 2022, the Court issued an Order reminding Plaintiff of his responsibility to keep his address for service up to date and directed Plaintiff to provide a current address to the Clerk of Court by no later than January 25, 2022. ECF No. 57. The Court directed the Clerk's Office to send a copy of the Order to the address on file for Plaintiff—*i.e.*, the address in Tacoma, Washington, as well as the address listed by Plaintiff in the stipulated motion to continue—*i.e.*, the address in Federal Way, Washington. *Id.* at 1.

---

[1] The Court also notes that, as required by the Court, the Attorney General's Office filed a Pro Se Prisoner Dispositive Motion Notice contemporaneously with its motion for summary judgment. ECF No. 52. The Notice advised Plaintiff that Defendants had filed a motion for summary judgment under Federal Rule of Civil Procedure 56 and informed Plaintiff that he must "file a response opposing the motion within 30 days after the date the motion was mailed to you as noted on the certificate of mailing, or within such other time period set by the Court." *Id.* at 1. The Notice also stated: "[b]e advised that if you do not file your response…within the mandated timeframe, your failure to file a response will constitute your consent to the Court, granting the motion." *Id.* at 2; *see also* LCivR 7.1(e). This notice was delivered to the address in Federal Way, Washington. *Id.* Plaintiff has not filed a response to Defendants' summary judgment motion or otherwise acknowledged it.

ORDER DISMISSING ACTION – 3

On January 24, 2022, the Clerk's Office entered another notice that the mail sent to Plaintiff at the Tacoma, Washington address was returned as undeliverable. *Id.* The record does not contain any indication that the mail sent to Plaintiff at his presumed current address in Federal Way could not be delivered. As of the date of this Order, Plaintiff has still not provided the Clerk's Office with an updated address.

**DISCUSSION**

Under LCivR41(b)(2), a party proceeding pro se has an obligation to "keep the Court and opposing parties advised as to his or her current mailing address." This Rule provides that "[i]f mail directed to a pro se plaintiff is returned by the Postal Service…and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of his or her current mailing…address, the Court may dismiss the action." *Id.*; *see also Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (no abuse of discretion where district court dismissed without prejudice pro se plaintiff's action for failure to comply with local rule requiring pro se plaintiffs to keep the court apprised of their addresses at all times). Here, mail sent to Plaintiff at the Tacoma, Washington address has been returning as undeliverable for almost one year. *See* ECF No. 44. Moreover, several months ago, the Court ordered Plaintiff to update his address and sent a copy of the Order to his presumably current address in Federal Way, Washington. Plaintiff has not updated his address despite

ORDER DISMISSING ACTION – 4

this Order. In the interest of judicial economy and pursuant to LCivR41(b)(2), the Court therefore dismisses this action without prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE.**

2. All pending Motions are **DENIED AS MOOT.**

3. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** the file.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to all counsel. The Clerk's Office shall also send copies of this Order to (1) the address on file for Plaintiff and (2) the address listed for Plaintiff in ECF No. 53 at 2.

**DATED** this 28th day of April 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING ACTION – 5